IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA CABALLERO, individually and on behalf of all persons similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HEALTHCARE RESOURCES, INC., )<br>)<br>Defendant. ) | 2:17-cv-00228-NBF<br><br>District Judge Nora Barry Fischer |

# **MEMORANDUM OPINION AND ORDER**

Upon consideration of the Second Motion to Dismiss (Docket No. 26) filed by Healthcare Resources, Inc., ("Defendant"), the Response (Docket No. 30) by Jessica Caballero ("Plaintiff"), and Defendant's Reply (Docket No. 31) thereto, as well as the discretion afforded the Court under 28 U.S.C. § 1404(a), the Court shall transfer the instant matter to the United States District Court for the District of Arizona.

## I.  MEMORANDUM

Presently before the Court is the Second Motion to Dismiss filed May 11, 2017. (Docket No. 26). Defendant seeks dismissal of all claims alleged at Counts I and II of Plaintiff's Amended Complaint. (Docket No. 22). The Amended Complaint alleges that Defendant violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and Pennsylvania Minimum Wage Act, 43 Pa. Stat. §§ 333.101, *et seq.* ("PMWA"), due to the failure to properly compensate Plaintiff for work in excess of forty (40) hours per week.

In addition to arguing that Plaintiff has failed to state a claim under either the FLSA or PMWA, Defendant contends that the choice of law provision in Plaintiff's employment

agreement dictates that any dispute arising from the parties' employment relationship shall be "governed by Arizona law." (Docket No. 26-1 at 4). In response, Plaintiff asserts that she has pled sufficient factual matter to state valid claims under the FLSA and PMWA, and that the choice of law provision in the employment agreement should not be given effect. Both parties neglect to address a corresponding forum selection clause contained in the employment agreement to any significant degree, although Plaintiff notes explicitly her lack of opposition to transfer *sua sponte* to the United States District Court for the District of Arizona. (Docket No. 30 at 7, n. 2). In the Court's estimation, and in light of Plaintiff's consent, this clause warrants transfer of the instant case *sua sponte* to another venue.

With respect to a transfer, as the United States Supreme Court recently explained, "[t]he presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis..." *Zanghi v. FreightCar Am., Inc.*, 38 F. Supp. 3d 631, 641 (W.D. Pa. 2014) (quoting *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, ⸺ U.S. ⸺, 134 S.Ct. 568, 581, 187 L.Ed.2d 487 (2013)). Forum selection clauses are "'prima facie valid and should be enforced.'" *Silvis v. Ambit Energy, L.P.*, 90 F.Supp.3d 393, 397 (E.D. Pa. 2015) (quoting *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1219 (3d Cir. 1991); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). Such clauses "'should be given controlling weight in all but the most exceptional case.'" *MoneyGram Payment Sys., Inc. v. Consorcio Oriental, S.A.*, 65 F.App'x 844, 847 – 88 (3d Cir. 2003) (citation omitted).

Accordingly, if a party wishes to avoid enforcement, it must make a strong showing that: (1) the clause was the result of fraud or overreaching; (2) enforcement of the clause would violate strong public policy of the forum; or (3) the forum selected is unreasonable. *QVC, Inc. v. Your Vitamins, Inc.*, 753 F.Supp.2d 428, 432 (D. Del. 2010) (citing *Coastal Steel Corp. v.*

2

*Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983)). A forum is unreasonable for a party when "'resolution in the selected forum will be so manifestly and gravely inconvenient to it that it will be effectively deprived of a meaningful day in court.'" *MoneyGram*, 65 F.App'x at 848 (quoting *Bremen*, 407 U.S. at 19). "Only under extraordinary circumstances" should a district court not enforce a valid forum selection clause. *Zanghi*, 38 F.Supp.3d at 641.

Here, the forum selection clause states that "[a]ny dispute between you and HealthTECH shall be resolved by a court of competent jurisdiction in Maricopa County, Arizona." (Docket No. 26-1 at 4). Neither party attacks the validity or applicability of this provision, or contends that it was not freely entered into. Indeed, Plaintiff's initials appear immediately below the quoted provision in the employment agreement[1] (*id.*), and as previously noted, Plaintiff consents to a transfer *sua sponte* in accordance with the clause. The inquiry does not end there, however.

Typically, a district court considering a motion under § 1404(a) would balance public and private interests to determine whether a transfer would be in the interests of justice and convenient for the parties and their witnesses. *Atl. Marine*, 134 S.Ct. at 581. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 – 80 (3d Cir. 1995) (enumerating public and private interests). In the case of a valid forum selection clause, courts need only consider public interest factors which militate against enforcement[2]. *Id.* at 582. Factors to consider include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id*. at 581 n. 6 (citation omitted). These factors are rarely

---

[1] Given the nature of Plaintiff's employment and her presumed level of education, it would appear that by signing the contract, Plaintiff read and understood its contents. *Martinez v. Skirmish, U.S.A., Inc.*, 2009 WL 1676144, at *6 (E.D. Pa. June 15, 2009).

[2] Additionally, "plaintiff's choice of forum merits no weight." *Atl. Marine*, 134 S.Ct. at 581. When "a plaintiff agrees by contract to bring suit only in a specified forum – presumably in exchange for other binding promises by the defendant – the plaintiff has effectively exercised its 'venue privilege' before the dispute arises." *Id.* at 582. "Only that initial choice deserves deference." *Id.*

3

sufficient, alone, and forum selection clauses generally control. *Id.* at 582. Presently, the Court finds no strong countervailing public interest which would counsel against enforcement of the uncontested forum selection clause. The clause is, therefore, binding upon Plaintiff and Defendant.

The Court observes that the forum selection provision does not specify a particular forum, instead referencing "a court of competent jurisdiction in Maricopa County, Arizona." (Docket No. 26-1 at 4). Transfer of a case is generally not possible when the clause does not include a federal court as a potential venue. *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001). Yet, because the provision at issue expresses that "a court of competent jurisdiction in Maricopa County, Arizona," is acceptable, it would appear that transfer to the United States District Court for the District of Arizona is appropriate; the Court takes judicial notice[3] that it is located in said County and exercises its jurisdiction within said county. *See Jumara*, 55 F.3d at 881 ("[W]e hold that the phrase 'a court of record in the county' includes the United States District Court."). *Cf. W.G. Nichols, Inc. v. CSK Auto, Inc.*, 2001 WL 1486516, at *5 (E.D. Pa. Nov. 21, 2001) ("Plaintiff contends that the parties' forum selection clause encompasses the United States District Court for the District of Arizona whose jurisdiction includes Maricopa County. The clause contains no reference to the federal courts. It does not specify courts 'in' Maricopa County. It specifies courts 'of' Maricopa County. This suggests literally the Maricopa County courts and not any court which sits 'in' the County or whose jurisdiction includes the County.").

---

[3] *See In re Synchronoss Securities Litig.*, 705 F.Supp.2d 367, 390 (D.N.J. 2010) ("[M]atters of which judicial notice may be taken include facts capable of immediate and certain verification by resort to sources whose accuracy is beyond dispute.").

## A. ORDER

Plaintiff and Defendant formed a contract containing a forum selection clause, which clause stated that all disputes between the parties relative to their employer-employee relationship be resolved in "a court of competent jurisdiction in Maricopa County, Arizona." In light of Plaintiff's consent to enforcement of the forum selection clause *sua sponte*, as well as the general lack of any countervailing public interest, and having found this clause to be otherwise valid,

IT IS HEREBY ORDERED that, pursuant to 28 U.S.C. § 1404(a), the instant case be transferred, forthwith, to the United States District Court for the District of Arizona's Phoenix, Arizona, courthouse for further proceedings.

IT IS FURTHER ORDERED that the clerk shall mark this case CLOSED.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: July 7, 2017

cc/ecf: All counsel of record.